**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

AARON GOMEZ-SAMANIEGO,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY CORRECTIONAL FACILITY, et al.,

Respondents.

Case No. 1:26-cv-06322-JLT-EGC

A-Number: 221-370-635

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Aaron Gomez-Samaniego is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 7.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico who initially entered the United States without inspection at an unknown date or place. (Doc. 10-1 at 2.) On or about December 6, 1996, U.S. Border Patrol apprehended Petitioner, and he was granted Voluntary Returned to Mexico. (*Id.*) On an unknown date and an unknown location, Petitioner again entered the United States without inspection, admission or parole by an immigration officer. (*Id.*)

Petitioner has an extensive background of criminal arrests and convictions dating back to 1998. (*See* Doc. 10-2, FBI "RAP" Sheet.) On February 15, 2001, Petitioner was convicted of various traffic offenses and sentenced him to 14 days jail. (*Id.*) On February 6, 2002, Petitioner was convicted of domestic battery. (*Id.*) On May 6, 2002, Petitioner was convicted for driving under the influence of alcohol. (*Id.*) On March 15, 2012, Petitioner was convicted of aggravated driving under the influence and sentenced him to 2 days jail and 24 months' probation. (*Id.*) On May 15, 2025, Las Vegas Metropolitan Police Department arrested Petitioner for the offense of carry conceal explosive/gun/dangerous weapon without permit, and buy/possess/receive stolen property. (*Id.*) On May 16, 2025, the District Attorney's office denied the charges. (*Id.*) On March 13, 2026, Las Vegas Metropolitan Police Department arrested Petitioner for the offense of buy/possess/receive stolen vehicle. (*Id.* at 10-1 at 2.) That same day, Enforcement and Removal Operations ("ERO") lodged an immigration detainer with the Clark County Detention Center in Las Vegas. (*Id.*) On March 14, 2026, the District Attorney's office denied the charges. (*Id.*) On March 18, 2026, City of Las Vegas Jail notified ERO of the immigration detainer previously lodged for Petitioner and indicated he was ready for release pursuant to the immigration detainer. (*Id.*) On March 18, 2026, Petitioner was transferred to ERO custody for further processing. (*Id.*) That same day, Petitioner was served with a Notice to Appear charging him pursuant to §§ § 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 10-1 at 5-8.) Petitioner is currently detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On August 10, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1 at 25.) On April 31, 2026, Respondents filed an opposition in which they argue that Petitioner failed to exhaust his administrative remedies by not requesting a bond hearing before the immigration court or, in the alternative, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 10.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

In their opposition, Respondents contend that because Petitioner did not request a custody redetermination pursuant to 8 CFR § 1003.19, he failed to exhaust his administrative remedies before bringing this action because Petitioner has not filed a request bond hearing. (Doc. 10 at 1-2.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, the Court finds that the pursuit of administrative remedies would be both a futile gesture and result in irreparable harm. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion because of irreparable harm resulting from prolonging the petitioner's already lengthy detention). As such, the prudential exhaustion requirement should be waived.

///

**B. Remedy**

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. Moreover, this Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

As such, the Court finds that the appropriate remedy in this case is a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because it is unclear whether Respondents have provided Petitioner any kind of initial custody determination.[1] Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;
2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at

[1] Though the record contains issuance of an administrative warrant, (Doc. 10-1 at 9), it is unclear whether DHS would have issued such warrant absent the statutory interpretation pursuant to § 1225(b) rejected above.

which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 15, 2026

UNITED STATES DISTRICT JUDGE